```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
RACHEALLE PAUL,

                Plaintiff,
    -against-
                                                    MEMORANDUM AND ORDER
CAROLYN W. COLVIN,                                  13-CV-5082 (FB)
Acting Commissioner of Social Security,

                Defendant.
---------------------------------------------------x
```

*Appearances:*
For the Plaintiff:                  For the Defendant:
JOHN W. DEHAAN                      LORETTA E. LYNCH, ESQ.
DeHaan Busse LLP                    United States Attorney
300 Rabro Drive, Suite 101          JASON P. PECK, ESQ.
Hauppauge, NY 11788                 Assistant United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

On September 12, 2013, plaintiff Rachealle Paul ("Paul") brought this action against the Commissioner of Social Security ("Commissioner") seeking judicial review of the denial of her application for disability insurance benefits. During the course of the litigation, the Commissioner identified Paul as a class member eligible for relief under the terms of the settlement agreement in *Padro v. Astrue*, No. 11-cv-1788 (CBA) ("*Padro* Settlement"). As a result, on May 12, 2014, the parties filed a stipulation dismissing the lawsuit pursuant to Federal Rule of Civil Procedure 41(a).

Paul now moves for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). The Commissioner opposes the motion on the grounds that Paul is not a "prevailing party" under the EAJA. For the reasons that follow, the Court agrees with the Commissioner and denies Paul's motion.

## II.

On March 24, 2010, Paul applied for disability insurance benefits, alleging that she was disabled as a result of injuries to her left arm and depression. After her initial application was denied, Administrative Law Judge ("ALJ") Seymour Fier conducted a hearing and also denied her claim. On April 25, 2013, the Appeals Council denied her request for review, rendering final the Commissioner's decision to deny benefits.

On May 3, 2013, Chief Judge Amon preliminarily approved a settlement in *Padro v. Astrue*, a class-action lawsuit alleging that five ALJs in Queens, New York – a group that included ALJ Fier – routinely and systematically mishandled cases and denied legitimate claims for disability benefits. Compl. at ¶ 9, *Padro v. Astrue*, No. 11-cv-1788 (CBA) (E.D.N.Y. Apr. 12, 2011). On May 31, 2013, the Office of Disability Adjudication and Review ("ODAR") mailed Paul a letter informing her of the *Padro* lawsuit and the proposed settlement, and notifying her that a public fairness hearing was scheduled on July 24, 2013. *See* Def.'s Mem. of Law, Ex. B (Decl. of Edward W. Sommer III), at 2. It is unclear whether Paul received the letter or attended

the July fairness hearing.

On September 12, 2013, Paul filed this lawsuit.[1] Approximately one month later, Chief Judge Amon approved the *Padro* Settlement. *See Padro*, No. 11-cv-1788 (CBA), 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013). Under the terms of the settlement, the Commissioner agreed to readjudicate unfavorable or partially favorable decisions issued by the five named ALJs after January 1, 2008, and to monitor all decisions by the named ALJs for thirty months following the settlement. *See* Settlement Agreement § III, *Padro v. Astrue*, No. 11-cv-1788 (CBA) (Jan. 11, 2013), Docket Entry No. 112. The settlement also provided that the district court retained enforcement jurisdiction over certain provisions regarding retrospective and prospective relief for eligible class members. *See id.* at § V.

Pursuant to the notice requirements of the settlement, ODAR sent Paul a letter in February 2014 informing her that she may be eligible for relief under *Padro*, and enclosed a form for her to return if she wanted a new hearing. *See* Def.'s Mem. of Law, Ex. B (Decl. of Edward W. Sommer III), at 2. On February 25, 2014, ODAR received the completed and signed form from Paul requesting a new hearing. *See id.*, Ex. B2.

Despite Paul's request, this lawsuit continued apace until April 24, 2014, when

---

[1] On August 8, 2013, the Social Security Administration granted Paul an extension of time to file a federal appeal because she did not receive notice of the Appeals Council's decision until July. Compl. at ¶ 13.

the Commissioner requested a stay of the briefing schedule because "records indicate the Social Security Administration . . . recently sent [Paul] a notice informing her that she may be entitled to relief under the Settlement Agreement in *Padro*." *See* Letter Motion to Stay Briefing Schedule (Apr. 24, 2014), Docket Entry No. 12. Approximately three weeks later, the parties submitted a Stipulation and Order dismissing the lawsuit pursuant to Federal Rule of Civil Procedure 41(a). *See* Stipulation and Order of Dismissal (May 12, 2014), Docket Entry No. 13. The stipulation provided that "plaintiff has requested relief pursuant to the terms of [the *Padro*] Settlement Agreement and the requested relief will provide readjudication of the claim that is subject to this action." *Id.*

### III.

To recover attorneys' fees and expenses under the EAJA, a plaintiff must first establish that she is "prevailing party." 28 U.S.C. § 2412(d)(1)(A). To be considered a prevailing party, "a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). In *Buckhannon*, the Supreme Court gave two examples of the types of relief sufficient to justify the award of attorneys' fees: enforceable judgments on the merits and court-ordered consent decrees. *Buckhannon*,

532 U.S. at 604. In contrast, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605.

While the *Buckhannon* Court noted in a footnote that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees," *id.* at 604 n.2, the Second Circuit has recognized that private settlements can bear the necessary judicial imprimatur in at least two circumstances. First, prevailing party status may be warranted where the district court retains enforcement jurisdiction over the agreement, since "[the] retention of jurisdiction . . . is not significantly different from a consent decree and entails a level of judicial sanction sufficient to support an award of attorney's fees." *Roberson*, 346 F.3d at 82. Second, prevailing party status may be conferred where the district court enters an order of dismissal that "explicitly incorporates the terms of a settlement," thus rendering the settlement operative only upon judicial review and approval. *Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 152 (2d Cir. 2009).

Here, the parties' jointly signed Stipulation and Order of Dismissal clearly lacks the necessary judicial imprimatur to permit the award of attorneys' fees since it is well-settled that a voluntary dismissal pursuant to Rule 41(a) does not confer prevailing party status under the EAJA. *See Melkonyan v. Sullivan*, 501 U.S. 89, 103 (1991) ("[I]f the court's order was . . . a dismissal under Rule 41(a), the District Court's jurisdiction

5

over the case would have ended at that point, and petitioner would not have been a prevailing party . . . [and] would not be eligible to receive EAJA fees."); *see also Hess v. Astrue,* No. 09-cv-2516 (ENV), 2010 WL 2710447, at \*2 (E.D.N.Y. July 6, 2010) (plaintiffs were not prevailing parties under EAJA since stipulation of dismissal under Rule 41(a) "simply withdrew the order to show cause and dismissed the action").

Neither can Paul claim prevailing party status under the terms of the *Padro* Settlement. Concededly, Chief Judge Amon retains enforcement jurisdiction over certain provisions of the *Padro* Settlement, a factor the Second Circuit emphasized in *Roberson*. However, the agreement in *Roberson* left open the question of attorneys' fees, stating only that "[t]he issue of plaintiffs' entitlement to an award of attorneys' fees and costs and disbursements is reserved for later determination upon application to the Court." *Roberson*, 346 F.3d at 78. In contrast, the *Padro* Settlement specifically provides that:

> The Parties agree that the amount of $125,000 will be paid to Plaintiffs' counsel the Urban Justice Center, as attorney fees. *Those funds are the only funds to be paid by the Commissioner and/or the United States under this Settlement Agreement and/or otherwise in connection with this action* (aside from any payments made to cover the costs associated with [providing notice to class members potentially eligible for relief]).

*See* Settlement Agreement § XIX.A, *Padro v. Astrue*, No. 11-cv-1788 (CBA) (Jan. 11, 2013), Docket Entry No. 112 (emphasis added).

Under the plain terms of the *Padro* Settlement, then, Paul is not entitled to

6

attorneys' fees even if the district court's retention of enforcement jurisdiction would otherwise entitle her to prevailing party status. Since Paul cannot establish that she is a prevailing party in this lawsuit or under the *Padro* Settlement, she is therefore ineligible for an award of attorneys' fees. *See* 28 U.S.C. § 2412(d)(1)(A).

## IV.

For the foregoing reasons, Paul's motion for attorneys' fees and expenses is denied.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 23, 2014